IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SANDUSKY WELLNESS CENTER, LLC,

                Plaintiff,            Case No. 3:12 CV 2257

    -vs-

                                            MEMORANDUM OPINION

WAGNER WELLNESS, INC., et al.,             AND   ORDER

                Defendant.

KATZ, J.

Sandusky Wellness Center, LLC sued Wagner Wellness, Inc., April Wagner, Robert Wagner, and ten unnamed defendants under the Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. (Doc. No. 1). April and Robert Wagner filed separate motions for summary judgment. (Doc. Nos. 31, 32). The parties subsequently stipulated to dismiss the complaint against April Wagner with prejudice. (Doc. No. 35). Sandusky Wellness has filed a response to Robert Wagner's motion for summary judgment, and Wagner has filed a reply. (Doc. Nos. 36, 37).

Sandusky Wellness has also moved to certify the case as a class action (Doc. No. 33), which the defendants oppose. (Doc. 34). The defendants have moved for a hearing on the motion for class certification (Doc. 39), which Sandusky Wellness opposes. (Doc. No. 40). The Court will only address the motion for class certification at this juncture. For the reasons stated below, the motion for class certification is denied. The motion for a hearing on the class certification request is denied as moot.

## I. Jurisdiction and Venue

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463 (6th Cir. 2010). Venue is properly before this Court. *See* 28 U.S.C. § 1391; N.D. Ohio R. 3.8.

## II. Facts

Wagner Wellness is a Florida corporation that engages in the business of selling vitamins and nutritional supplements with its principal place of business in Longwood, Florida. Wagner Wellness is owned by Robert and April Wagner and the business has no other employees. However, Mr. Wagner has stated that his son Chad occasionally assisted with the business by helping at an occasional meeting and by opening the door. The Wagners serve as both officers and shareholders of Wagner Wellness. Sandusky Wellness is an Ohio limited liability company located in Sandusky, Ohio, within the jurisdiction and venue of this Court.

Sandusky Wellness alleged that the defendants violated § 227 by sending an unsolicited advertisement, via facsimile, to promote their business and invite physicians to seminars discussing their products. The facsimile contained an "opt-out" statement which states: "To be removed from future facsimiles call 1-877-281-6342 and enter pin# 8283."

The record establishes that Wagner Wellness purchased on its corporate charge card a list of facsimile numbers from infoUSA. Wagner Wellness directed infoUSA to send the facsimile list to Alert Solutions, Inc., doing business as BLI Messaging. BLI then sent facsimiles to the people on the list provided by infoUSA. The parties are in dispute regarding Mr. Wagner's involvement with the facsimiles. However, they have agreed that April Wagner played no role in the creation or distribution of the facsimiles which lead to the dismissal of the complaint against her. Mr. Wagner

2

asserts that sending the facsimiles via BLI was in compliance with the statute based on representations made by an agent of BLI that the facsimiles contained adequate "opt-out" language.

### III. Discussion

The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless certain exceptions apply. 47 U.S.C. § 227(b)(1)(C). The statute provides a private right of action to enforce its provisions. A "person or entity may" bring "an action based on a violation" of the statute to: 1) "enjoin such violation"; 2) "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater"; or 3) "both such actions." 47 U.S.C. § 227(b)(3). In addition, "[i]f the court finds that the defendant willfully or knowingly violated" the statute, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount" of the plaintiff's award for statutory or actual damages. *Id*.

In enacting the TCPA, Congress noted "the proliferation of facsimile machines" in the business community had been "accompanied by explosive growth in unsolicited facsimile advertising, or 'junk fax.'" H.R. Rep. 102–317 at 10 (1991). Congress further stated that such advertising "is problematic for two reasons. First, it shifts some of the costs of advertising from the sender to the recipient. Second, it occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." *Id*. The recipient of the facsimile advertisements assumes both the cost associated with the use of the facsimile machine and the cost of the paper. In addition, when receiving the facsimile, it may require several minutes or more to process and print the advertisement. During that time, the facsimile machine is unable to process actual business communications. *Id*. at 25. Thus, the statute's legislative history indicates

that the injury the TCPA was intended to address is the costs incurred by the owner of the facsimile machine and the facsimile machine owner's loss of the use of the machine.

Sandusky Wellness has moved for class certification pursuant to Federal Rule of Civil Procedure 23. The proposed class is: "All persons who (1) on or after September 5, 2008, (2) were sent telephone facsimile messages inviting attendance at a Physicians Wellness and Weight Loss Program, and (3) which did not display a proper opt-out notice." (Doc. No. 33). The defendants contend that the requirements of Rule 23 have not been satisfied.

Rule 23 allows Sandusky Wellness to pursue claims on behalf of a class of similarly situated individuals if it demonstrates that it is "part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). To justify this "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979), Sandusky Wellness must meet a series of conditions set forth in Rule 23 to ensure, first, that it is an appropriate representative for absent class members, and, second, that its claim is appropriate for classwide resolution. *See* Fed. R. Civ. P. 23.

Class-certification litigation is the process of determining whether a plaintiff can meet these conditions. The rule establishes four requirements:

> (1) the class [must be] so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4). If a plaintiff does not satisfy each of these requirements, the class claim fails. If, however, a plaintiff shows that he is an appropriate representative within the meaning of Rule 23(a), the focus shifts to the case itself.

Under Rule 23(b), four types of lawsuits may proceed as class actions. Class resolution is appropriate when:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(1)–(3). If a plaintiff's claim does not fall into one of these categories, class certification is inappropriate, even if a plaintiff meets each of Rule 23(a)'s four threshold requirements.

Thus, a plaintiff must show that he meets all four Rule 23(a) criteria, and that the case falls into at least one of the four Rule 23(b) categories. If the plaintiff fails to satisfy any of these requirements, class certification is not appropriate.

5

This Court must conduct "a rigorous analysis," *General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982), at "an early practicable time . . . [to] determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). In the class-certification context, courts are permitted to "probe behind the pleadings," *Falcon*, 457 U.S. at 160, and "touch[ ] aspects of the merits." *Dukes*, 131 S. Ct. at 2552.

Under Rule 23(a)(2), a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). *Dukes* clarified the scope of this inquiry. To satisfy Rule 23(a)(2), a plaintiff's "claims must depend upon a common contention— . . . . [which is] of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. The crucial inquiry, the Court explained, is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. (internal quotation marks and citation omitted) (emphasis in original).

The TCPA does not prohibit the sending of all advertisements to facsimile machines. Rather, it only prohibits the sending of an "unsolicited advertisement" unless certain conditions apply, such as "the unsolicited advertisement is from a sender with an established business relationship with the recipient." 47 U.S.C. § 227(b)(1)(C)(i). Under the statute, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

6

There is no liability if "the unsolicited advertisement is from a sender with an established business relationship with the recipient." 47 U.S.C. § 227(b)(1)(C)(i). The "term 'established business relationship', for purposes only of subsection (b)(1)(C)(i) . . . , shall have the meaning given the term in section 64.1200 of title 47, Code of Federal Regulations." 47 U.S.C. § 227(a)(2). That section provides:

> The term established business relationship for purposes of paragraph (a)(4) of this section on the sending of facsimile advertisements means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(6).

Thus, liability exists under the TCPA only if the transmissions were unsolicited and no prior communications and/or business relationships existed between the parties.

Sandusky Wellness's proposed class fails to meet the commonality requirements of Rule 23(a)(2). *Dukes* states that Sandusky Wellness's claims must be based "upon a common contention— . . . [whose] determination" may be resolved "in one stroke." *Dukes*, 131 S. Ct. at 2551. The proposed class does not satisfy this standard because the prospective class members have different, contradicting interests.

Sandusky Wellness proposes to represent all individuals who received a facsimile from the defendants on or after September 5, 2008. What the composition of the proposed class ignores is the evidence that some recipients of the facsimiles from the defendants during the period in question gave permission to receive the facsimiles or had prior established business relationships with the

7

defendants. Both circumstances exempt these facsimiles from violations of the TCPA. 47 U.S.C. § 227(a)(2), (a)(5); 47 C.F.R. § 64.1200(f)(6).

Mr. Wagner's deposition of April 17, 2013, establishes that Wagner Wellness purchased facsimile lists from infoUSA which sent the list to BLI. BLI then sent the faxes based on these numbers. However, not all the facsimile numbers that were utilized were exclusively from infoUSA. Mr. Wagner's testimony establishes that his company had other sources for obtaining the facsimile numbers used, including obtaining contacts at medical conferences. Because the proposed class includes entities that requested the facsimiles and/or had prior business relations with Wagner Wellness, the facsimiles sent to these entities during the proposed time period in question do not violate the TCPA. Thus, these entities do not have the commonality required by *Dukes* to be in the class proposed to be represented by Sandusky Wellness.

The Supreme Court has emphasized that a "class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims." *Dukes*, 131 S. Ct. at 2561. The proposed class by Sandusky Wellness would violate this mandate.

### IV. Conclusion

Accordingly, for the foregoing reasons, the motion for class certification (Doc. 33) is denied and the request for a hearing on the class certification motion (Doc. 39) is denied as moot.

IT IS SO ORDERED.

      S/ *David A. Katz*
      DAVID A. KATZ
      U. S. DISTRICT JUDGE