IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SANDUSKY WELLNESS CENTER, LLC,

                Plaintiff,        Case No. 3:12 CV 2257

-vs-

                              MEMORANDUM OPINION

WAGNER WELLNESS, INC., et al.,

                Defendant.

KATZ, J.

Sandusky Wellness Center, LLC sued Wagner Wellness, Inc., April Wagner, Robert Wagner, and ten unnamed defendants under the Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. (Doc. No. 1). April and Robert Wagner filed separate motions for summary judgment. (Doc. Nos. 31, 32). The parties subsequently stipulated to dismiss the complaint against April Wagner with prejudice. (Doc. No. 35). Sandusky Wellness has filed a response to Robert Wagner's motion for summary judgment and Wagner has filed a reply. (Doc. Nos. 36, 37).

**I. Facts**

The following facts are undisputed. Wagner Wellness is a Florida corporation that engages in the business of selling vitamins and nutritional supplements with its principal place of business in Longwood, Florida. Wagner Wellness is owned by April and Robert Wagner and the business has no other employees. However, Mr. Wagner has stated that his son Chad occasionally assisted with the business by helping at an occasional meeting and by opening the door. The Wagners serve as both officers and shareholders of Wagner Wellness. Sandusky Wellness is an Ohio limited liability company located in Sandusky, Ohio, within the jurisdiction and venue of this Court.

Sandusky Wellness alleged that the defendants violated § 227 by sending an unsolicited advertisement, via facsimile, to promote their business and invite physicians to seminars discussing their products. The facsimile contains the following "opt-out" statement: "To be removed from future facsimiles call 1-877-281-6342 and enter pin# 8283." Sandusky Wellness received its facsimile on June 23, 2009. In addition to the "opt-out" statement, the facimile was signed: "Sincerely, **Bob Wagner - Physicians Wellness & Weight Loss Program.** 1-800-234-9283". (boldface in original).

The record establishes that Wagner Wellness purchased on its corporate charge card a list of facsimile numbers from infoUSA. Wagner Wellness directed infoUSA to send the facsimile list to Alert Solutions, Inc., doing business as BLI Messaging. BLI then sent facsimiles to the people on the list provided by infoUSA. The parties have agreed that April Wagner played no role in the creation or distribution of the facsimiles which lead to the dismissal of the complaint against her. Mr. Wagner asserts that sending the facsimiles via BLI was in compliance with the TCPA based on representations made by an agent of BLI that the facsimiles contained adequate "opt-out" language. Mr. Wagner's deposition establishes that he was the individual who contacted BLI to send the faxes.

## II. Summary Judgment

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the

2

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court does not weigh the evidence or determines the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

### III. Discussion

The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless certain exceptions apply. 47 U.S.C. § 227(b)(1)(C). The statute provides a private right of action to enforce its provisions. A "person or entity may" bring "an action based on a violation" of the statute to: 1) "enjoin such violation"; 2) "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater"; or 3) "both such actions." 47 U.S.C. § 227(b)(3). In addition, "[i]f the court finds that the defendant willfully or knowingly violated" the

3

statute, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount" of the plaintiff's award for statutory or actual damages. *Id*.

In enacting the TCPA, Congress noted "the proliferation of facsimile machines" in the business community had been "accompanied by explosive growth in unsolicited facsimile advertising, or 'junk fax.'" H.R. Rep. 102–317 at 10 (1991). Congress further stated that such advertising "is problematic for two reasons. First, it shifts some of the costs of advertising from the sender to the recipient. Second, it occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." *Id*. The recipient of the facsimile advertisements assumes both the cost associated with the use of the facsimile machine and the cost of the paper. In addition, when receiving the facsimile, it may require several minutes or more to process and print the advertisement. During that time, the facsimile machine is unable to process actual business communications. *Id*. at 25. Thus, the statute's legislative history indicates that the injury the TCPA was intended to address is the costs incurred by the owner of the facsimile machine and the facsimile machine owner's loss of the use of the machine.

To date, the United States Court of Appeals for the Sixth Circuit has yet to discuss the issue of whether individual owners, shareholders, or employees of corporations may be held liable for alleged violations of the TCPA. Numerous district courts that have addressed the personal-liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001); *see also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415–16 (D. Md. 2011) ( "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Baltimore–Washington Tel. Co. v. Hot Leads Co.*, 584 F.

Supp. 2d 736, 745 (D. Md. 2008) (observing that if the defendants, who were the same defendants as in *American Blastfax*, "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and directed the conduct," they could be held individually liable for the statutory violations); *Covington & Burling v. Int'l Mktg. & Research, Inc.,* No. CIV. A. 01–0004360, 2003 WL 21384825, at *6 (D.C. Super. Apr. 17, 2003) (holding that corporate executives were personally liable because they "set company policies and [oversaw] day-to-day operations" and were "clearly involved in the business practices" that violated the TCPA).

The undiputed evidence before the Court shows that Mr. Wagner was personally involved in purchasing the facsimile numbers from infoUSA. Mr. Wagner, as an employee and officer of Wagner Wellness, directed infoUSA to send the facsimile list to Alert Solutions, Inc., doing business as BLI Messaging. BLI then sent facsimiles to the people on the list provided by infoUSA. Mr. Wagner's deposition establishes that he was the individual who contacted BLI to send the faxes. Although Mr. Wagner asserts that sending the facsimiles via BLI was in compliance with the statute and the facsimiles contained adequate "opt-out" language, this issue is not before the Court. The sole issue for summary judgment is whether Mr. Wagner, as a corporate officer and employee of the corporation, can be held personally liable. Because Mr. Wagner, by his own admissions, purchased and directed the distribution of the facsimiles by BLI, he can be held personally liable for violations of the TCPA. *See Am. Blastfax*, *Inc.*, 164 F. Supp. 2d at 898; *see also Universal Elections*, 787 F. Supp. 2d at 415–16; *Baltimore–Washington Tel. Co.*, 584 F. Supp. 2d at 745; *Covington & Burling,* 2003 WL 21384825, at *6. Therefore, although there is no genuine dispute of fact regarding Mr. Wagner's role in the purchase and distribution of the facsimiles, he is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

**IV. Conclusion**

For the foregoing reasons, Robert Wagner's motion for summary judgment (Doc. 32) is denied. The Court does not express any opinion whether Mr. Wagner has violated the TCPA or whether the "opt-language" of the facsimile in question is sufficient under the statute. The Court's ruling in strictly limited to the question of whether Mr. Wagner can be held personally liable for any violations of the TCPA.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE